An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CRAIG ALLEN HOFFMAN,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
JEROME POLAHA, DISTRICT JUDGE,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68441

**FILED**

SEP 1 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER GRANTING PETITION FOR WRIT OF MANDAMUS AND DENYING PETITION FOR WRIT OF PROHIBITION*

This is a petition for a writ of mandamus, or alternatively, a writ of prohibition. We elect to exercise our discretion and consider the merits of this writ petition in the interest of sound judicial economy and administration. *See Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (noting that this court has complete discretion to determine whether to consider a petition for a writ of mandamus or prohibition and that even when an arguably adequate remedy exists, this court may exercise its discretion "under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition" (internal quotation marks omitted)).

Petitioner Craig Allen Hoffman seeks a writ directing the district court to vacate its June 10, 2015, order closing the proceedings to further pleadings, which has effectively denied Hoffman the ability to supplement the pro se post-conviction petition for a writ of habeas corpus.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-27590

Hoffman argues that the decision to close the proceedings to a supplemental petition is arbitrary and capricious. Hoffman argues that the district court should be estopped from enforcing a filing-deadline because such a deadline has never been enforced in the past and Hoffman argues that there was no notice that the State would seek to close the proceedings. Hoffman suggests that a more appropriate remedy for post-conviction counsel's failure to file a timely supplement may have been to remove counsel from the case and appoint new counsel.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160. A writ of prohibition may issue when a district court acts without or in excess of its jurisdiction. *See* NRS 34.320.

Based upon our review of the documents before this court, we deny Hoffman's petition for a writ of prohibition, but grant Hoffman's petition for a writ of mandamus. While we reject Hoffman's equitable estoppel and notice arguments and disagree with Hoffman regarding a filing-deadline for a supplemental petition, *see* NRS 34.750(3) (providing for 30 days from the date of appointment to file a supplemental petition), we agree that the remedy chosen by the district court was unduly harsh to Hoffman and was an arbitrary and capricious exercise of discretion. The failure to file a timely supplemental petition was due to the dereliction of post-conviction counsel, Ms. Mary Lou Wilson, to meet the deadline and the remedy should have been tailored to that dereliction—chiefly, the

removal of Ms. Wilson from the case and the appointment of new post-conviction counsel.[1] Accordingly, we

ORDER the petition GRANTED, in part, AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to rescind its prior order closing the post-conviction proceedings, remove Ms. Wilson as counsel in the post-conviction proceedings, and appoint new counsel to assist Hoffman in the proceedings.[2]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry


cc:     Hon. Jerome M. Polaha, District Judge
        Mary Lou Wilson
        Craig Allen Hoffman
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[1] The district court has already determined that the appointment of post-conviction counsel was warranted in this case. *See* NRS 34.750(1).

[2] Ms. Wilson is cautioned that such future dereliction may result in other sanctions considered necessary by the district court, including referral to the State Bar of Nevada.